UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUSTIN TODES,

                Plaintiff,

        -vs-                                13-CV-444C

TAKHAR GROUP COLLECTION SERVICES, LTD.,
FINANCIAL DEBT RECOVERY LIMITED,
F.D.R. CREDIT RECOVERY LTD,
HARDIAL S. TAKHAR,
SUKCHARN S. TAKHAR, and
DOE,

                Defendants.

---

## **INTRODUCTION**

On April 30, 2013, plaintiff Justin Todes filed a complaint alleging the violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* On August 28, 2013, he filed an amended complaint naming Hardial S. Takhar and Sukcharn S. Takhar as individual defendants. Item 9. Defendants Hardial and Sukcharn Takhar failed to appear and defend this action, which resulted in entry of default by the Clerk of the Court, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, on February 21, 2014. Items 27, 28.[1] Presently before the court is plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b). Item 37. For the following reasons, plaintiff's motion is granted.

---

[1] On March 21, 2014, the court received a letter from the individual defendants in which they denied having had notice of the action. The court treated the letter as a motion to vacate the entry of default, plaintiff filed a response, and the motion was denied on June 27, 2014 (Item 34). No appearance of counsel was entered on behalf of the individual defendants and no responsive pleadings were filed.

**DISCUSSION**

**1.     Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's entry of default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed. R. Civ. P. 55(a). Once default has been entered, the allegations of the complaint establishing the defendant's liability are accepted as true, except for those relating to the amount of damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment. *See* Fed. R. Civ. P. 55(b)(2). Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

**2.     Liability**

As set forth in the complaint, the facts are relatively straightforward. At all times relative to the claim asserted, defendants Hardial and Sukcharn Takhar were owners and officers of Takhar Collection Services, LTD., a business entity engaged in the business of

debt collection within the meaning of 15 U.S.C. § 1692a(6) (definition of "debt collector"), and were alleged to be responsible for the unlawful debt collection practices and procedures of the company.[2] Plaintiff alleges that between March 19, and May 8, 2012, defendants called his cellular telephone at least six times, leaving a pre-recorded message instructing him to return the call. Plaintiff called the defendants, who informed him that they were attempting to collect a consumer debt from a person named "Andrea." Plaintiff advised the defendants that he knew of no such person and instructed them to stop calling. Plaintiff alleges that defendants violated the FDCPA by continuing to contact him without his consent, in violation of section1692b(3), and violated the TCPA by calling his cellular telephone with the use of an automated dialing system without his consent. Accordingly, for purposes of this motion, plaintiff has sufficiently alleged facts to establish defendants' liability under the FDCPA and the TCPA.

**3.    Damages**

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998). Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance with the Act; the debt collector's

---

[2] Plaintiff has adequately alleged the personal involvement of the individual defendants in the violation of the FDCPA. *See Ohlson v. Cadle Co.,* 2006 WL 721505 (E.D.N.Y. Mar. 21, 2005) ("officers and employees of the debt collecting agency may be jointly and severally liable with the agency where they have affirmatively acted.").

resources; the number of individuals adversely affected; and the extent to which the debt collector's non-compliance was intentional.  *See* 15 U.S.C. § 1692k(b)(1).  Awards of the $1,000 statutory maximum are typically reserved for cases where the defendants' violations are "particularly egregious or intimidating." *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. Apr. 3, 2012).

The TCPA allows for the recovery of actual damages or statutory damages of $500 for each violation of the statute, whichever is greater. 47 U.S.C. § 227(b)(3)(B).  In this case, plaintiff seeks $1,650 in statutory damages under the TCPA, as he recovered 45% of his $3,000 statutory damages claim (six calls at $500 per call) in a settlement with other defendants.

By virtue of the entry of default, defendants are deemed to have admitted the well-pleaded allegations of the complaint.  However, considering the infrequency of the noncompliance (six telephone calls), the limited number of individuals adversely affected (one), and the absence of any further information regarding the debt collector's resources or intent, the court finds that the violation of the FDCPA does not amount to the level of "particularly egregious or intimidating" conduct warranting an award of maximum statutory damages.  The court therefore awards plaintiff a total of $500 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A). *See Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. Jan. 7, 2013) (awarding $500 in statutory damages where defendant called plaintiff's home on a number of occasions, totaling more than 20 times per month); *Fajer v. Kaufman, Burns & Assocs.*, 2011 WL 334311, *3 (W.D.N.Y. Jan. 28, 2011) (awarding $500 where defendant made numerous calls to home and workplace and made empty threats of litigation); *see also Bonafede v. Advanced Credit Solutions*, LLC,

2012 WL 400789, *3 (W.D.N.Y. Feb. 7, 2012) (finding demand of $1,000 "excessive" where plaintiff presented no evidence that communications with collector were persistent). Additionally the court awards statutory damages of $1,650 for the violation of the TCPA.

### 4. Attorneys' Fees and Costs

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants.  *See* 15 U.S.C. § 1692k(a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court").  In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).  There is a presumption in favor of the hourly rates employed in the district in which the case is litigated.  *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009).  Thus, the court must consider the prevailing market rate in the Western District of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff seeks an award of $3,269.83 in attorneys fees and has submitted documentation of the number of hours expended on the case by himself and a paralegal. The court finds the number of hours and the hourly rates ($300 per hour for experienced attorney and $50 per hour for paralegal) to be reasonable, given the prevailing market rates in this district for FDCPA cases in the recent past.  *See, e.g., Ortez v. First Asset*

*Recovery Group, LLC*, 2014 WL 1338835, at *3 (W.D.N.Y. Apr. 2, 2014) (granting motion for default judgment and awarding fees at hourly rates of $250 for experienced attorneys, $175 for newer attorneys, and $75 for paralegal staff); *Carbin v. Northern Resolution Group, LLC*, 2013 WL 4779231, at *3 (W.D.N.Y. Sept. 5, 2013) (same); *Halecki v. Empire Portfolios, Inc.*, 952 F. Supp. 2d 519, 521-22 (W.D.N.Y. 2013) (awarding hourly rate of $250 for experienced attorney, $140 for new attorney); *Hance*, 2013 WL 85068, at *2 (awarding hourly rate of $225 for experienced attorney, $200 for newer attorney, and $50 for paralegal staff).

Accordingly, the court awards $3,269.83 in attorneys' fees. The court also grants plaintiff's request for an award of $363.61 in recoverable costs.

## **CONCLUSION**

Based on the foregoing, plaintiff's motion for default judgment (Item 37) is GRANTED. Plaintiff is awarded $500 for defendants' violation of the FDCPA, $1,650 for defendants' violation of the TCPA, $3,269.83 in attorney's fees, and $363.61 in costs.

The Clerk of the Court is directed to enter judgment accordingly, and to close this case.

So Ordered.

\s\ John T. Curtin<br>
JOHN T. CURTIN<br>
United States District Judge

Dated:   March 24, 2016